FILED: 1/3/2023 8:55 AM
David Trantham
Denton County District Clerk
By: Aime Sanchez, Deputy

No. <u>23-0015-467</u>

| | | |
|---|---|---|
| TINA BURNEY | § | IN THE DISTRICT COURT OF |
| Petitioner | § | |
| | § | |
| | § | DENTON COUNTY, TEXAS |
| COSTCO WHOLESALE CORPORATION | § | |
| and ALEC MOEN | § | |
| | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Petitioner Tina Burney, Plaintiff, by and through undersigned counsel, complaining of COSTCO WHOLESALE CORPORATION and ALEC MOEN, Defendants, and for cause of action would respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiffs intend discovery to be conducted under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

2. Plaintiff Tina Burney is a Texas resident.

3. Defendant Costco Wholesale Corporation, d/b/a Costco Wholesale ("Defendant Costco"), is a corporation authorized to do business in this state and can be served with citation through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. Defendant Alec Moen is an individual and resident of Texas who can be served with

citation at his address of 801 Lake Carolyn Pkwy, Irving, TX 75039 or any other place Defendant may be found.

## III.
## JURISDICTION AND VENUE

5. The Court has jurisdiction over the subject matter in controversy because the damages sought by Plaintiff is within the jurisdictional limits of this Court.

6. Venue is proper and maintainable in Denton County, Texas, since all or a substantial part of the events or omissions giving rise to the claim occurred in said county.

7. Nothing Plaintiff did or did not do caused or contributed to this occurrence.

## IV.
## STATEMENT OF MONETARY RELIEF

8. This is a negligence and gross negligence case in which Plaintiff seeks monetary relief over $1,000,000 and a demand for judgment for all the other relief to which Plaintiff deems herself entitled. The stated amount in controversy does not include interest, statutory or punitive damages and penalties, and attorney's fees or costs.

## V.
## FACTS

9. On June 21, 2021, Ms. Burney was walking towards the entrance of the Costco store when she was struck and pushed down to the ground by multiple carts being pushed by ALEC MOEN, a Costco employee.

10. Ms. Burney's daughter drove her to the emergency room.

11. Ms. Burney was found to have fractured her pelvis and hip.

12. The subject matter of the investigation is the June 21, 2021 incident described above in which Ms. Burney was seriously injured.

## VI.
## CAUSES OF ACTION

13. The negligence and gross negligence of Defendants proximately caused the incident and the injuries to Ms. Burney. Nothing Plaintiff did or failed to do on the date in question caused or in any way contributed to cause her severe life-altering injuries.

14. Defendant ALEC MOEN was negligent and grossly negligent in one or more of the following non-exhaustive particulars:

    a. In being inattentive while pushing multiple carts through the Costco parking lot;

    b. In failing to keep a proper lookout for invitees; and

    c. In performing his work at Costco in a reckless manner.

15. Defendant ALEC MOEN's conduct constitutes negligence and gross negligence and each of the negligent acts, jointly and severally, was a proximate cause of the impact of the carts against Ms. Burney's body and her resulting injuries and damages.

16. At all relevant times, Defendant ALEC MOEN was acting within the course and scope of his employment or agency with Defendant Costco.

17. Plaintiff alleges that Defendant Costco, is vicariously liable to her based on the doctrine of Respondeat Superior. That is, Defendant Costco, is liable to Plaintiff by virtue of the negligent conduct of its employee, ALEC MOEN, as described above. Further, each of the above negligent acts and/or omissions on the part of Defendant Costco employee or agent, ALEC MOEN, singularly and cumulatively, was a proximate cause of the crash between the Defendant Costco carts and Ms. Burney's body and the resulting injuries and damages to Plaintiff.

18. Plaintiff also alleges that Defendant Costco, was independently negligent in entrusting its carts to and failing to properly qualify, hire, train, monitor and supervise its employee or

Copy from re:SearchTX

agent cart attendant and that such negligence was a proximate cause of the crash between the Costco carts and Ms. Burney's body and the resulting injuries and damages to Plaintiff.

19. The occurrence and injuries causing Plaintiff's injuries were proximately caused by the gross negligence of Defendants, their agents, servants and employees who were acting in the course and scope of their employment for such Defendants at all times material to this cause of action. The conduct of these Defendants constitutes gross negligence as that term is defined and understood in Texas law because it showed such an entire want of care as to establish that the acts or omissions complained of resulted from actual conscious indifference to the rights, welfare, or safety of the persons affected by it, including Plaintiff. Defendants were grossly negligent in at least the following respects:

    A. Failing to perform proper safety analyses;

    B. Failing to ensure that proper safety programs and warning systems were in place;

    C. Failing to provide premises that were free from recognized hazards that were causing or likely to cause injuries or serious physical harm to invitees;

    D. Failing to properly conduct daily safety audits on equipment, including the cart attendant in question;

    E. Failing to adequately train management, operators and workers regarding proper ways to collect and transport carts through the Costco parking lot; and

    F. Failing to properly manage the store and its parking lot, including (without limitation) failing to monitor operational problems, issues and/or failures at the store; failing to timely and properly address such problems, issues and/or failures.

20. Such grossly negligent conduct was a proximate cause of the occurrence and the injuries to Plaintiff. Accordingly, Plaintiff seeks exemplary damages from Defendants.

21. These allegations against Defendants are made acknowledging that this lawsuit is still in its early stages, and investigation and discovery, although undertaken, are continuing. As

Copy from re:SearchTX

further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding additional parties to the case or dismissing parties from the case. The right to do so, under Texas law, is expressly reserved.

## VII.
## DAMAGES

22. As a result of the negligence and gross negligence described in this petition, Plaintiff has suffered injuries and damages for which she seeks recovery from Defendants.

23. Plaintiff seeks personal injury damages in amounts the jury deems to be fair and reasonable consisting of past and future physical pain and mental anguish, past and future loss of earnings and earning capacity, past and future disfigurement, past and future physical impairment, and past and future medical care and expenses.

24. Additionally, in connection with allegations of gross negligence, Plaintiff seeks exemplary damages as supported by the evidence in addition to all other damages to which Plaintiff may be entitled.

25. Plaintiff seeks prejudgment and post-judgment interest as allowed by law, all costs of court, and all other relief, both in law and in equity, to which she may be entitled.

## VIII.
## TEMPORARY RESTRAINING ORDER

26. Plaintiff's application for a temporary restraining order is authorized by Texas Civil Practice and Remedies Code Section 65.011(1), (3). These sections provide that Plaintiff is entitled to a temporary restraining order because (1) she is entitled to the relief demanded herein and all or part of the relief requires the restraint of some act prejudicial to the applicants, and (2) the principles of equity and statutes of this state relating to

Copy from re:SearchTX

  injunctions demand that a temporary restraining order issue given these facts and the potential for damage to Plaintiff.

27. Plaintiff asserts that Defendant Costco is currently in possession and has control over the video surveillance of the incident in question and ALEC MOEN's personnel file ("the evidence"), and that Defendant Costco may change, alter, or destroy the evidence in question unless this Court enters a Temporary Restraining Order restraining Defendant Costco from:

    A. Damaging, modifying, changing, altering, destroying and/or disposing of the evidence in question involved in the incident in question;
    B. Destroying or tampering with any of the records or documents or any material item whatsoever that pertain to the evidence in question;
    C. Damaging, modifying, changing, altering, destroying the video surveillance/footage regarding the incident and the 4 hours before and after the incident;
    D. Destroying or tampering with any of the records or documents or any material item whatsoever that pertain to the video surveillance in question;
    E. Damaging, modifying, changing, altering, destroying the personnel file of Defendant ALEC MOEN; and
    F. Destroying or tampering with any of the records or documents or any material item whatsoever that pertain to Defendant Costco's employment of Defendant ALEC MOEN

28. For Plaintiff to properly investigate her claims, pursue her claims, recover her damages and see that justice is done, this Court should restrain Defendant Costco, its agents, servants, employees, contractors, contract employees, attorneys and those acting in concert with said Defendant from changing, altering, destroying and/or disposing of the video surveillance footage in question. For all the reasons set forth in the facts and allegations above, it is probable that Plaintiff will recover from Defendants after a trial on the merits.

29. If Defendant Costco is permitted to change, alter, destroy and/or destroy the evidence in question, Plaintiff will lose the opportunity to inspect, download, and preserve the

Copy from re:SearchTX

evidence in question and will be unable to prosecute her claim, and thus will be deprived of her remedies at law.

30. There is no adequate remedy at law available to Plaintiff to prevent Defendant Costco from changing, altering, destroying and/or disposing the evidence in question unless the Court grants immediate relief restraining such conduct. Plaintiff would pray that this Court enter a Temporary Restraining Order preserving the status quo by restraining Defendant Costco from in any way changing, altering, destroying and/or disposing of the evidence in question.

31. Plaintiff is willing to post a bond as security in an amount ordered by this Court. *See* Tex. R. Civ. P. 684.

32. Plaintiff would further pray for this Court to set her Application for Temporary Injunction for a hearing and, after the hearing, issue a temporary injunction against Defendant Costco.

33. To the best of her knowledge, Plaintiff has joined all indispensable parties under Texas Rule of Civil Procedure 39.

34. Plaintiff also prays that this Court issue an Order permitting Plaintiff's attorneys and investigative staff, including, but not limited to consulting experts, to inspect, photograph, download, and save the video surveillance in question. Such inspection, photographing, downloading, and preservation is essential in order for Plaintiff to prepare her case and to see that justice is done.

## IX.
## RESERVATION OF RIGHTS

35. These allegations against Defendants are made acknowledging that investigation and discovery, although undertaken, are continuing in this matter. As further investigation and

Copy from re:SearchTX

discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding additional parties to the case or dismissing parties from the case. The right to do so is, under Texas law, expressly reserved.

## X.
## REQUIRED DISCLOSURE

36. Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make its initial disclosures within thirty (30) days after being served or joined.

## XI.
## RULE 193.7 NOTICE

37. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against the Defendants at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XII.
## JURY DEMAND

38. Plaintiff respectfully requests a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays:

1. That Defendants be cited to appear and answer herein;

2. That Plaintiff recovers actual and exemplary damages in excess of the minimum jurisdictional amount of this Court:

Copy from re:SearchTX

3. That Plaintiff has her costs, pre-judgment interest at the maximum legal rate and post-judgment interest at the maximum legal rate;

4. That Defendant COSTCO WAREHOUSE be restrained from in any way changing, altering, destroying and/or disposing of the video surveillance and Defendant ALEC MOEN's personnel/employee file in question;

5. That a hearing on Plaintiff's Application for Temporary Injunction and her request to inspect, download, photograph and save the evidence in question be set;

6. That the Court enter an Order allowing Plaintiff's attorneys and investigators to inspect, download, photograph and save the evidence in question;

6. That Plaintiff have a trial by jury; and

7. That Plaintiff have whatever other and further relief at law or in equity to which she may show herself justly entitled.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear herein and answer, and upon final trial Plaintiff recover damages as specified above from the Defendants, costs of court, pre-judgment and post-judgment interest at the legal rate, attorneys' fees and expenses, and for such other and further relief, general and special, at law and in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

Womack Law Office PLLC

*/s/ Sydney Womack*
SYDNEY WOMACK
State Bar No. 24078715
2525 Robinhood St.
Houston, Texas 77005

>P: (713) 322-9993
>F: (713) 583-3114
>Email: sydney@womacktriallawyers.com
>Email: jessica@womacktriallawyers.com
>
>By: /s/*Charlie S. Reed*
>Charlie S. Reed
>State Bar No. 24025608
>REED LAW, PLLC
>10100 N. Central Expy., Suite 575
>Dallas, Texas 75231
>Tel: 214.570.9555
>Fax: 214.570.9013
>charlie@reed-law-firm.com
>
>ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing has been forwarded to all counsel of record by certified, return receipt requested, and/or facsimile transmission and/or regular U.S. Mail and/or hand delivery and/or electronic service on this 3rd day of January 2023.

>*/s/ Sydney Womack*
>SYDNEY WOMACK

***Via E-Serve and/or Facsimile: (214) 939-9001***
JOHN M. COX & ASSOCIATES, P.C.
John M. Cox
Leigh M. Taylor
325 N. St. Paul Street, Suite 2350
Dallas, TX 75201
Telephone: (214) 939-9000
Facsimile: (214) 939-9001
Email: jmc@coxtriallaw.com
Email: lmt@coxtriallaw.com
ATTORNEYS FOR DEFENDANT COSTCO WHOLESALE CORPORATION & ALEC MOEN

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sydney Meriwether Womack
Bar No. 24078715
sydney@womacktriallawyers.com
Envelope ID: 71415558
Status as of 1/3/2023 9:48 AM CST

Associated Case Party: Costco Wholesale Corporation

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| John Michael Cox | 4949900 | jmc@coxtriallaw.com | 1/3/2023 8:55:58 AM | SENT |

Copy from re:SearchTX