UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TINA BURNEY § | |
| § | |
| v. § | CIVIL ACTION NO. 4:23-CV-00094- |
| § | SDJ-AGD |
| COSTCO WHOLESALE § | |
| CORPORATION and ALEC MOEN § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Before the court is Plaintiff Tina Burney's Motion to Remand this case to the 467th Judicial District Court of Denton County, Texas (Dkt. #4). Defendant Costco Wholesale Corporation ("Costco") opposes the motion (Dkt. #6). Having considered the parties' filings, the record, and the applicable law, the court recommends that Plaintiff's motion be granted and the instant lawsuit be remanded to the 467th Judicial District Court of Denton County, Texas. Pursuant to 28 U.S.C. § 1447(c), the court also recommends that Plaintiff be awarded reasonable attorney fees incurred as a result of the removal. Plaintiff should be directed to submit an affidavit and supporting documents reflecting her entitlement to an award of attorney fees within 14 days of the adoption of this Report and Recommendation.

BACKGROUND

This case arises out of a personal injury suit filed in the 467th Judicial District Court of Denton County, Texas, Cause No. 23-0015-467 ("Petition") (Dkt. #2). In her Petition, Plaintiff alleges that on June 21, 2021,[1] she was walking toward the entrance of a Costco store when she was struck and pushed to the ground by a row of carts pushed by Defendant Alec Moen ("Moen"), a Costco employee (Dkt. #2 at p. 2). Plaintiff's daughter drove her to the emergency room, where

---

[1] Plaintiff's Petition states June 21, 2021, but Defendant's Notice of Removal states June 21, 2022, (Dkt. #1 at p. 3), as does Plaintiff's Motion to Remand (Dkt. #4 at p. 2).

REPORT AND RECOMMENDATION – Page 1

she was found to have fractured her pelvis and hip (Dkt. #2 at p. 2). Plaintiff alleges that she suffered severe, life-altering injuries and is seeking damages in excess of $1,000,000 (Dkt. #2 at p. 2).

Plaintiff filed her initial Petition in state court on January 3, 2023, asserting causes of action for negligence and gross negligence against Defendants Costco and Moen (Dkt. #2). Costco argues that Moen is not a proper party to this suit and removed the case to federal court on February 6, 2023, on the basis of diversity jurisdiction under 28 U.S.C. § 1332 (Dkt. #1). Plaintiff then filed the instant Motion to Remand (Dkt. #4).

The parties agree that Moen and Plaintiff are both citizens of Texas and that Moen is thus non-diverse to Plaintiff. Accordingly, if Moen is a proper party to this suit, complete diversity is destroyed, and this action must be remanded to state court.

**LEGAL STANDARD**

"When a case is removed to federal court, the removing party has the burden of proof to establish the federal court's jurisdiction." *Perez v. Home Depot U.S.A., Inc.*, No. 4:19-CV-338, 2019 WL 6907025, at *1 (E.D. Tex. Dec. 18, 2019) (citing *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007)). "The removing party carries a heavy burden when attempting to prove fraudulent joinder." *Gonzalez v. Wal-Mart Stores Texas, LLC*, No. 2:13-CV-65, 2013 WL 1827924 (S.D. Tex. Apr. 30, 2013) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995)).

To establish improper joinder, the removing party must prove one of two things: (1) "that there has been outright fraud in the plaintiff's pleading of jurisdictional facts," or (2) "that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court." *Cavallini*, 44 F.3d at 259; *see also Smallwood v. Ill. Cent. R.R. Co.*,

385 F.3d 568, 573 (5th Cir. 2004) (en banc) (observing that these are the only ways a party can establish improper joinder). As to the second method of establishing improper joinder, a court must ask "whether the defendant has demonstrated there is no possibility of recovery by the plaintiff against an in-state defendant," in other words, the court must find "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. Further, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("The removal statute is therefore to be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand."). Where an employee's actions are "directly related to the alleged negligence," as is the case here, "a question of fact exists as to whether the corporate employee owes an individual duty to a plaintiff." *Garrison v. The Sherwin–Williams Co.*, No. 4:10CV128, 2010 WL 2573973, at *5 (E.D. Tex. June 1, 2010), *report and recommendation adopted*, 2010 WL 2573963 (E.D. Tex. June 22, 2010).

Costco does not allege outright fraud in Plaintiff's pleading of jurisdictional facts. The court therefore only considers the second method by which a party may establish improper joinder: whether there is any possibility Plaintiff could establish a cause of action against the non-diverse defendant, Moen.

## DISCUSSION

### A. Plaintiff's Motion to Remand

Plaintiff alleges that Moen personally participated in the negligent act that caused Plaintiff's injury (Dkt. #4; Dkt. #7). Costco argues that is insufficient to support a claim against Moen and that removal is therefore justified (Dkt. #6 at p. 7). In reaching this conclusion, Costco

misconstrues "Texas' longstanding rule that a corporate agent is personally liable for his own fraudulent or tortious acts." *Miller v. Keyser*, 90 S.W.3d 712, 717 (Tex. 2002); *see also Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984) ("A corporation's employee is personally liable for tortious acts which he directs or participates in during his employment."). Texas courts have also found that an independent duty of reasonable care may exist when an "employee personally creates a dangerous situation that causes injury." *In re Butt*, 495 S.W.3d 455, 466 (Tex. App.—Corpus Christi 2016, no pet.) (citing *San Benito Bank & Trust Co. v. Landair Travels*, 31 S.W.3d 312, 319 (Tex. App.—Corpus Christi 2000, no pet.)); *see also McIntosh v. Copeland*, 894 S.W.2d 60, 63 (Tex. App.—Austin 1995, writ denied) (endorsing the viability of claims against a hospital employee for "negligent acts committed in the scope of his employment").

Texas law, then, does not support Costco's proposition that an employee cannot be liable for any direct act of negligence causing injury when the employee is acting within the scope of his employment. *See, e.g.*, *Alexander v. Lincare, Inc.*, Civ. A. No. 3:07-CV-1137-D, 2007 WL 4178592, at *3 (N.D. Tex. Nov. 27, 2007) (collecting Texas cases allowing claims of negligence against employees for acts undertaken within the scope of employment that have caused injury); *Garrison*, 2010 WL 2573973, at *5 ("If the corporate employee is only indirectly involved in the alleged negligence, then the Court will not impose an individual duty on the employee, however if the involvement is directly related to the alleged negligence, a question of fact exists as to whether the corporate employee owes an individual duty to a plaintiff."); *Guzman v. Cordero*, 481 F. Supp. 2d 787, 790 (W.D. Tex. Mar. 19, 2007) (finding a possible breach of an independent duty of care by an employee when he was personally involved in providing allegedly negligent inspection services to the plaintiff).

Because Plaintiff alleges in her Petition that "she was struck and pushed down to the ground by multiple carts being pushed by" Moen, (Dkt. #2 at p. 2), and because federal courts are required to resolve any ambiguities in the pleadings against removal, the court finds that Plaintiff has a possibility of recovery against Moen in Texas state court. This means that Moen is a proper Defendant to Plaintiff's suit. Accordingly, complete diversity is not present in this case, as required by 28 U.S.C. § 1332, and the case should be remanded to state court.

**B. Attorney Fees**

28 U.S.C. § 1447(c) provides that "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "However, '[t]here is no automatic entitlement to an award of attorney's fees.'" *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541–42 (5th Cir. 2012) (quoting *Valdes v. Wal–Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir.2000) (holding that the "mere determination that removal was improper" does not require a district court to award attorney's fees)). Instead, a district court "may award attorney's fees when the removing party lacks an objectively reasonable basis for removal." *Howard v. St. Germain*, 599 F.3d 455, 457 (5th Cir. 2010) (per curiam) (citing and referring to *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) (holding that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal")). The United States Supreme Court elaborated on this standard in *Martin*, explaining that

> [t]he appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

546 U.S. at 140. Finally, "[a] fee award is inappropriate if the removing party 'could conclude from [existing] case law that its position was not an unreasonable one.'" *Probasco v. Wal-Mart Stores Texas, L.L.C.*, 766 F. App'x 34, 37 (5th Cir. 2019) (quoting *Valdes*, 199 F.3d at 293).

In its notice of removal, Costco relies on a Texas Supreme Court case, *Leitch v. Hornsby*, for the proposition that "an agent of a corporate entity has no independent duty and cannot be liable in an independent capacity" (Dkt. #1 at pp. 6–7) (citing *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996)). Costco again cites *Leitch* for this same proposed rule in its Response to Plaintiff's Motion to Remand and Brief in Support (Dkt. #6 at p. 6). But *Leitch* stands for a different proposition: Corporate agents cannot be personally liable for their actions within the scope of their employment *unless* they breach an independent duty of care. *Leitch* did not hold that corporate agents can never owe an independent duty; it limited agents' personal liability to cases in which the agent breached an independent duty he *did* owe. Indeed, in *Leitch* itself, the Texas Supreme Court observed that "an agent whose negligence causes an auto accident *may be held individually liable along with his or her employer* when driving in the course and scope of employment." *Id.* at 117 (emphasis added). *Leitch*, then, plainly does not support the idea that corporate agents can never owe an independent duty of care. Many other state and federal courts applying Texas law after *Leitch* have reached this same conclusion.[2]

Other cases Costco cites in support of removal bolster the case for remand. For example, in its Response to Plaintiff's Motion to Remand and Brief in Support, Costco cites *Ching Enters. v.*

---

[2] *See, e.g.*, *Alexander*, 2007 WL 4178592, at *3 ("Nothing in *Leitch* suggests that the court intended to alter the general rule that a company employee is personally liable for tortious conduct in which she participates during the course and scope of her employment, provided she owes a legal duty to the person who brings the claim against her."); *Walker v. Anderson*, 232 S.W.3d 899, 918 (Tex. App.—Dallas 2007) ("[I]t is the general rule in Texas that a corporation's employee is personally liable for tortious acts which he directs or participates in during his employment."); *Cimarron Hydrocarbons Corp. v. Carpenter*, 143 S.W.3d 560, 564 (Tex. App.—Dallas 2004) ("It is a longstanding rule in Texas that a corporate agent is personally liable for his own fraudulent or tortious acts, even when acting within the course and scope of his employment.").

REPORT AND RECOMMENDATION – Page 6

*Barahona* for the proposition that a "finding of personal liability against [an employee] cannot be sustained on the basis that he participated in the tortious conduct" (Dkt. #6 at p. 7) (quoting *Ching Enters. v. Barahona*, No. 01-07-00454-CV, 2008 WL 4006758, at *10 (Tex. App.—Houston [1st Dist.] 2008). In fact, the state appellate court in *Ching Enters.* cited *Leitch* and other Texas cases for the idea that "'[u]nder longstanding Texas law, corporate agents can be held individually liable for tortious acts committed while working for a corporation.'" *Id.* at *9. Consider also *Kopczynski v. Wal-Mart Stores*, which Costco cites in support of the idea that at least one federal district court applying Texas law has "extend[ed] the lack of individual liability to a store greeter" (Dkt. #6 at p. 7) (emphasis removed) (citing *Kopczynski v. Wal-Mart Stores Texas, LP*, No. CIV.A. H-10-4507, 2011 WL 902237, at *7 (S.D. Tex. Mar. 14, 2011). Here again Costco misunderstands the court's reasoning. The court in *Kopczynski* declined to hold the defendant personally liable for negligence not based on his status as an employee, but because the court found he did not owe an independent duty to the plaintiff. The *Kopczynski* court recognized that defendants who owe an independent duty can be held individually liable. *See id.* at *4, *7 (citing *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005); *Leitch*, 935 S.W.2d at 177).

Costco's proposed rule that an employee "operating in the course and scope of his duties" can never be personally liable for his own conduct, (Dkt. #6 at pp. 6–7), is not consistent with decades of established Texas case law. Therefore, it is the view of the court that Costco lacked an objectively reasonable basis for removal and that Plaintiff is entitled to reasonable attorney's fees incurred as a result of the removal.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the court recommends Plaintiff Tina Burney's Motion to Remand (Dkt. #4) be **GRANTED** and that the instant lawsuit be remanded to the 467th Judicial

District Court of Denton County, Texas. The court further recommends that Plaintiff should be awarded reasonable and necessary attorney fees incurred as a result of Costco's removal of this state court action to federal court. Plaintiff should be directed to submit an affidavit and supporting documents reflecting her entitlement to an award of attorney fees within 14 days of the adoption of this Report and Recommendation.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 6th day of March, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE