IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TINA BURNEY | § | |
| | § | |
| v. | § | CIVIL NO. 4:23-CV-94-SDJ-AGD |
| | § | |
| COSTCO WHOLESALE | § | |
| CORPORATION, et al. | § | |

**MEMORANDUM ADOPTING IN PART
AND MODIFYING IN PART REPORT AND
<u>RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE</u>**

Came on for consideration the Report and Recommendation of the United States Magistrate Judge ("Report"), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On March 6, 2024, the Report of the Magistrate Judge, (Dkt. #17), was entered containing proposed findings of fact and recommendation that Plaintiff's Motion to Remand, (Dkt. #4), be granted.

The Court has conducted a de novo review of Defendants' timely objections, (Dkt. #23), and the portions of the Report to which Defendants specifically object. Having done so, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, in part, and adopts, in part, the Magistrate Judge's Report as the findings and conclusions of the Court.

The Court modifies the Report as it relates to attorney fees. When a case is remanded, the court may order the removing party to pay "just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has clarified that, absent unusual circumstances, courts may award attorney's fees under Section 1447(c) "only where the removing

1

party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). This inquiry should take into consideration "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

Defendants' confusion on improper joinder is evident from their response to Plaintiff's motion to remand, (Dkt. #6), objections, (Dkt. #23), and subsequent motion related to attorney fees, (Dkt. #26). However, that does not make their basis for seeking removal unreasonable. Nonetheless, the Court will endeavor to clear up their confusion.

Texas law is clear that a corporate manager or agent can only be personally liable if he or she owes the plaintiff an independent duty of care apart from the duty owed by the employer. *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996) ("[I]ndividual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty."). Numerous federal courts have applied *Leitch* and its progeny to find improper joinder when a corporate defendant is joined with a store manager. *E.g.*, *Solis v. Wal–Mart Stores E., L.P.*, 617 F.Supp.2d 476, 480 (S.D. Tex. 2008) (store manager with no personal involvement in creating dangerous condition owed no separate legal duty); *Bourne v. Wal–Mart Stores, Inc.*, 582 F.Supp.2d 828, 837 (E.D. Tex.2008) (same); *McKinney v. Home Depot, USA, Inc.*, 4:06-CV-0327-A, 2006 WL 2947324 (N.D. Tex. Oct.13, 2006)

(same); *Allen v. Home Depot U.S.A.*, 2004 WL 2270001 (W.D. Tex.2004) (same). All of these cases pertain to store managers who were not alleged to have played any personal role in creating the dangerous condition. Defendants rely on this principle of Texas law in their improper joinder argument.

In this case, however, the inquiry does not end there because Plaintiff alleges that Defendant Moen struck her with multiple shopping carts in the Costco parking lot, causing her to fall and "fracture[] her pelvis and hip." (Dkt. #2 ¶¶ 9, 11). She further alleges that Moen was pushing the carts in a "reckless manner." (Dkt. #2 ¶ 14). Texas law has long recognized that "[a] corporation's employee is personally liable for tortious acts which he directs or participates in during his employment." *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984); *see also Miller v. Keyser*, 90 S.W.3d 712, 717 (Tex. 2002) ("a corporate agent is personally liable for his own fraudulent or tortious acts"). Significantly, the Texas Supreme Court has never cabined this principle to, for example, intentional torts. And in *Leitch* itself the Texas Supreme Court gave the example of an employee whose negligence (rather than an intentional tort) caused a car crash. The court noted that the driver, although acting within the scope of his employment, was liable based on the personal duty he owed to the public to drive with care. *Leitch*, 935 S.W.2d at 117; *see also Buchanan v. Rose*, 138 Tex. 390, 159 S.W.2d 109, 110 (Tex. 1942) ("[I]f a party negligently creates a dangerous situation it then becomes his duty to do something about it to prevent injury to others if it reasonably appears or should appear to him that others in the exercise of their lawful rights may be injured thereby.").

3

The Court further notes that Texas courts repeatedly have found that an independent duty of reasonable care exists when an "employee personally creates a dangerous situation that causes injury." *In re Butt*, 495 S.W.3d 455, 466 (Tex. App.—Corpus Christi 2016, no pet.) (citing *San Benito Bank & Trust Co. v. Landair Travels*, 31 S.W.3d 312, 219 (Tex. App.—Corpus Christi 2000, no pet.)); *see also McIntosh v. Copeland*, 894 S.W.2d 60, 63 (Tex. App.—Austin 1995, writ denied) (endorsing the viability of claims against a hospital employee for "negligent acts committed in the scope of his employment").

As a result, and as this Court has previously held, Texas law does not support a blanket rule that an employee cannot be sued for any direct act of negligence causing injury when the employee is acting within the scope of his employment. *Perez v. Home Depot U.S.A., Inc.*, 4:19-CV-338, 2019 WL 6907025, at *2 (E.D. Tex. Dec. 18, 2019). *See also, e.g.*, *Garrison v. The Sherwin-Williams Co.*, No. 4:10cv128, 2010 WL 2573973, at *5 (E.D. Tex. June 1, 2010), *recommendation adopted by* 2010 WL 2573963 (stating that, "If the corporate employee is only indirectly involved in the alleged negligence, then the Court will not impose an individual duty on the employee, however if the involvement is directly related to the alleged negligence, a question of fact exists as to whether the corporate employee owes an individual duty to a plaintiff."); *Guzman v. Cordero*, 481 F. Supp. 2d 787, 790 (W.D. Tex. 2007) (finding a possible breach of an independent duty of care by an employee when he was personally involved in providing allegedly negligent inspection services to the plaintiff).

4

Because Plaintiff asserts that Defendant Moen *personally and directly participated* in the events that caused Plaintiff's injuries, under controlling Texas precedent the Court cannot say with certainty that "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995). That said, Defendants' position on this issue of Texas tort law, while ultimately a mistaken reading of applicable precedent, is not unreasonable and cannot support an award of attorney fees.

It is therefore **ORDERED** that Plaintiff's Motion to Remand, (Dkt. #4), is **GRANTED** and the instant lawsuit is **REMANDED** to the 467th Judicial District Court of Denton County, Texas. It is further **ORDERED** that Plaintiff's request for attorney fees is **DENIED**.

It is further **ORDERED** that any relief not addressed herein is **DENIED**.

The clerk of court is directed to immediately transmit this case to the 467th Judicial District Court of Denton County, Texas. The clerk of court shall close this case.

**So ORDERED and SIGNED this 26th day of March, 2024.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

5